UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO .
MAGISTRATE JUDGE

01 - 977
CIV-HIGHSMITH

MAGISTRATE JUDGE
GARBER

ACCESS FOR THE DISABLED, INC., a Florida not-for-profit corporation, and DONNA RICCI, Individually,

Plaintiff,

vs.

BRINKER FLORIDA, INC., a foreign corporation, d/b/a CHILI'S RESTAURANT, and NEW WORLD PARTNERS, Joint Venture, a Florida General Partnership,

Defendant(s).
_______________________________/

**COMPLAINT**
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiff, ACCESS FOR THE DISABLED, INC., a Florida not-for-profit corporation, and DONNA RICCI individually, (sometimes referred to herein as "Plaintiff"or Plaintiffs) , sues the Defendant(s), BRINKER FLORIDA, INC., a foreign corporation, d/b/a CHILI'S RESTAURANT, and NEW WORLD PARTNERS, Joint Venture, a Florida General Partnership, (sometimes jointly referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

**JURISDICTION AND VENUE**

1. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6. Plaintiff, ACCESS FOR THE DISABLED, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS FOR THE DISABLED, INC., and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. ACCESS FOR THE DISABLED, INC. has also been discriminated against because of its association with its disabled members and their claims.

7. Plaintiff, DONNA RICCI is a Florida resident, is sui juris and qualifies as an individual with

disabilities as defined by the ADA. DONNA RICCI has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and the services offered to the public at the property.

8.. The barriers to access at the property described below have effectively denied or diminished plaintiff's ability to visit the property and have endangered her safety. Barriers to access involving parking and path of travel at this property have posed a risk of injury to the plaintiff. Every other barrier to access as described in this complaint causes similar risk of injury, embarrassment or discomfort to the plaintiff .

9.. ACCESS FOR THE DISABLED, INC. and DONNA RICCI have a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint.

10. DONNA RICCI desires to visit the defendant's property not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

12. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as CHILI'S RESTAURANT and is located at 8696 NW 13th Terrace, Miami, Florida 33126.

## THE INSTANT CLAIM

1. Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

2. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

3. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges , advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

4. Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of

$500,000 or less):

***Exterior routes***

1. There is no accessible route from the Street or the sidewalk , that is required by ADAAG 4.1.2. ( See Photo's A, B and C).

2. The accessible parking spaces are not marked properly per US Code 23 Section 109 D. (Striped in white and prominently outlined in blue). (See photos B and C).

3. The curb ramp projects into the access aisle, and is not configured per ADAAG 4.6.2 and 4.6.3. (See photo B).

4. The route from the parking to the accessible entrance has cross slopes exceeding 2% in violation of ADAAG 4.3.7. (See Photo C),

5. There is an insufficient number of accessible spaces not in conformance with ADAAG 4.1.2.5.

6. The accessible route from the West side of the building has stairs blocking the access, without a sign directing persons with mobile impairments to the accessible entrance as per ADAAG 4.1.6.1h.

***Interior Spaces***

1. The lavatory traps protrude in to the knee clearance of the clear floor space See Figure 31 of ADAAG.

2. The accessible mirror exceed the height required of 40 inches to the reflecting surface in violation of ADAAG 4.19.6. (See photo E).

3. There is no grab bar at the rear of the watercloset as required by ADAAG 4.17.6, Figure 28. (See photo D).

4. The signage is not properly mounted, as per ADAAG 4.30.6. (See photo H)

5. The lavatory traps are not properly insulated in both locations per ADAAG 4.19.4. (See photos D, E, and F).

6. The door exiting the mens room has insufficient maneuvering clearance per Figure 25 ADAAG , It requires 18" clearance. (See photo G).

7. The telephone does not have a volume control or proper signage as per ADAAG 4.1.3.17 and 4.31.5. (See photos I and H).

8. The seating for the customers waiting does not have a position available for a wheelchair patron, in violation of ADAAG 4.1.3.3.f.i. (See photo J).

5. The discriminatory violations described in Paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

6. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

7. Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

8. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

9. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

10. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or by closing the facility either temporary or permanently until such time as the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b. An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

c. Such other relief as the Court deems just and proper.

Respectfully Submitted,

**FULLER, FULLER AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305)534-9894 - Fax

By:______________________
Lawrence A. Fuller, Esquire
Florida Bar #0180470

Date: 03/06/01

W:\WPDocs\A.D.A\NEW (TEMP) FILES\CHILI'S RESTAURANT (BRINKER FLORIDA, INC.)\complaint.wpd





EXHIBIT A

EXHIBIT
B

EXHIBIT
C

EXHIBIT
D

EXHIBIT
E

EXHIBIT
F

PLEASE

EXHIBIT
G

MEN

EXHIBIT
H

EXHIBIT
I

EXHIBIT

# CIVIL COVER SHEET 01 - 977

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-HIGHSMITH

**I (a) PLAINTIFFS**

ACCESS FOR THE DISABLED, INC., a Florida not-for-profit corporation, and DONNA RICCI, Individually,

**DEFENDANTS**

BRINKER FLORIDA, INC., a Florida corporation, d/b/a CHILI'S RESTAURANT, and NEW WORLD PARTNERS, Joint Venture, a Florida General Partnership,

MAGISTRATE JUDGE GARBER

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-dade/ac 977/Highsmith/Garber

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
FULLER MALLAH & ASSOCIATES, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, FL 33139 (305) 538-6483

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: **(DADE)**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 42 U.S.C. §12181, seeking injunctive relief for violation of Title III of Americans with Disabilities Act.

IVa. 2 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personnel Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personnel Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☒ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General *
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other *
- ☐ 550 Civil Rights

* A or B

**B FORFEITURE PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**A OTHER STATUS**
- ☐ 400 States Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12USC3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions *

* A or B

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 DEMAND $

Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE DOCKET NUMBER

DATE 03/06/01

SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 838175 Amount: 150.00
M/ifp:
Date Paid: 3/12/01